IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES LEONARD SCHOENFELD,

      Petitioner,

  v.

ELVIN VALENZUELA, Warden,

      Respondent.

_____/

No. C 14-2993 CW

ORDER DENYING
MOTION FOR
EVIDENTIARY
HEARING (Docket
No. 17); DENYING
MOTION FOR ORAL
ARGUMENT (Docket
No. 81); DENYING
PETITION FOR WRIT
OF HABEAS CORPUS
(Docket No. 1)

United States District Court
For the Northern District of California

    Petitioner James Leonard Schoenfeld, a state prisoner, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In addition, Petitioner moves for an evidentiary hearing and oral argument on his petition.  Petitioner claims he was denied parole by a parole hearing panel chaired by a commissioner with an undisclosed, disqualifying conflict of interest, in violation of his due process right to an impartial decisionmaker.  Respondent Elvin Valenzuela opposes the petition.  Petitioner filed a traverse.  The matter was taken under submission on the papers. Having considered all of the papers submitted by the parties, the Court denies the petition.

BACKGROUND

    In July 1976, Petitioner hijacked a school bus, kidnapping the driver and twenty-six children.  Petitioner plead guilty to twenty-seven separate counts of kidnapping for ransom; he initially received concurrent sentences of life imprisonment without the possibility of parole on each count, but this was

**United States District Court**
For the Northern District of California

1    modified on appeal to reflect a life sentence with the possibility

2    of parole.

3        Petitioner's most recent parole hearing was held on March 13,

4    2013, at the prison where he is in custody, the California Men's

5    Colony in San Luis Obispo, California.  That hearing was conducted

6    by a two-person panel, with Jeffrey Ferguson as presiding

7    commissioner and Raquel Fassnacht as deputy commissioner.  A

8    representative from the Alameda County District Attorney's Office

9    appeared at the hearing to oppose Petitioner's parole.  At the

10   conclusion of the hearing, the panel denied Petitioner parole.

11       At some time after the hearing, Mr. Ferguson took a position

12   as an investigator for the Alameda County District Attorney's

13   Office.  Petitioner alleges that Mr. Ferguson made his application

14   for this position several months before Petitioner's parole

15   hearing, and argues that Mr. Ferguson's failure to recuse or at

16   least to disclose this potential conflict of interest denied him

17   his due process right to a hearing before an unbiased adjudicator.

18       In response to the Board's decision, Petitioner sought, but

19   was denied, relief on state collateral review.[1]  This federal

20   habeas petition followed.

21                        STANDARD OF REVIEW

22       A federal writ of habeas corpus may not be granted with

23   respect to any claim that was adjudicated on the merits in state

24   court unless the state's adjudication of the claims: "(1) resulted

25

26       [1] His petition was denied by California Superior Court and
     the California Court of Appeal; the California Supreme Court
27   denied his petition for review.  In re Schoenfeld, 2014 Cal. LEXIS
     4189 (2014).
28

**United States District Court**
For the Northern District of California

1  in a decision that was contrary to, or involved an unreasonable

2  application of, clearly established Federal law, as determined by

3  the Supreme Court of the United States; or (2) resulted in a

4  decision that was based on an unreasonable determination of the

5  facts in light of the evidence presented in the State court

6  proceeding."  28 U.S.C. § 2254(d).

7      "Under the 'contrary to' clause, a federal habeas court may

8  grant the writ if the state court arrives at a conclusion opposite

9  to that reached by [the Supreme] Court on a question of law or if

10  the state court decides a case differently than [the Supreme]

11  Court has on a set of materially indistinguishable facts."

12  Williams v. Taylor, 529 U.S. 362, 412-13 (2000).  "Under the

13  'unreasonable application' clause, a federal habeas court may

14  grant the writ if the state court identifies the correct governing

15  legal principle from [the Supreme] Court's decisions but

16  unreasonably applies that principle to the facts in the prisoner's

17  case."  Id. at 413.  The only definitive source of clearly

18  established federal law under 28 U.S.C. § 2254(d) is the holdings

19  of the Supreme Court as of the time of the relevant state court

20  decision.  Id. at 412.  Although only Supreme Court precedents are

21  binding on the state courts and only those holdings need to be

22  reasonably applied, circuit law may be persuasive authority in

23  analyzing whether a state court unreasonably applied Supreme Court

24  authority.  Clark v. Murphy, 331 F.3d 1062, 1070-71 (9th Cir.

25  2003).

26      To determine whether the state court's decision is contrary

27  to, or involved an unreasonable application of, clearly

28  established law, a federal court looks to the decision of the

3

**United States District Court**
For the Northern District of California

1 highest state court that addressed the merits of a petitioner's

2 claim in a reasoned decision.  LaJoie v. Thompson, 217 F.3d 663,

3 669 n.7 (9th Cir. 2000).[2]

4                              DISCUSSION

5      Here, Petitioner has not demonstrated even that there is

6 "clearly established Federal law, as determined by the Supreme

7 Court of the United States," much less that the state court's

8 reasoned opinion is contrary to or an unreasonable application of

9 such clearly established United States Supreme Court law.

10      The Due Process Clause establishes the right to an impartial

11 and disinterested tribunal.  Withrow v. Larkin, 421 U.S. 35, 46

12 (1975).  However, members of a tribunal are presumed to act with

13 honesty and integrity.  Id. at 47; Stivers v. Pierce, 71 F.3d 732,

14 741 (9th Cir. 1995).  To overcome this presumption, a petitioner

15 _____

16      [2] As Petitioner acknowledges, this case arrives in a
"somewhat unusual procedural circumstance."  Pet. (Docket No. 1)
17 at 14.  Petitioner's co-defendant in the kidnapping, Frederick
Newhall Woods, made an earlier state court petition for habeas
18 relief, which the California Court of Appeal denied in a one-page,
reasoned decision.  In re Woods, No. A140539, slip op. (Feb. 6,
19 2014).  However, when presented shortly thereafter with the same
claims by Petitioner, the California Court of Appeal denied them
20 without providing any reason, writing only: "The petition for
habeas corpus is denied."  In re Schoenfeld, No. A141029, slip op.
21 (Apr. 4, 2014).
      Here, Petitioner does not ask that this Court treat the
22 California Court of Appeal's denial of his petition as an
unreasoned opinion, but rather, states that "this Court could
23 conclude with confidence that the state court applied the same
reasoning in rejecting Schoenfeld's claim as it did in rejecting
24 Woods'" and contends that the same arguments that Mr. Woods made
in his petition apply equally in the present case.  Therefore,
25 this Court does not consider the California Court of Appeal's
Schoenfeld decision to be an unreasoned opinion to be reviewed de
26 novo, but rather, infers that the California Court of Appeal
denied Petitioner's request for habeas relief for the same reasons
27 that it denied Mr. Woods'.

28

**United States District Court**
For the Northern District of California

1  "must show that the adjudicator has prejudged, or reasonably

2  appears to have prejudged, an issue."  Stivers, 71 F.3d at 741.

3      First, there is no clearly established United States Supreme

4  Court precedent on this question, because the Court "ha[s] not

5  considered the question of whether a decision of a multimember

6  tribunal must be vacated because of the participation of one

7  member who had an interest in the outcome of the case."  Aetna

8  Life Ins. Co. v. Lavoie, 475 U.S. 813, 827 (1986);[3] Stivers, 71

9  F.3d at 746-47 ("Neither this court nor the Supreme Court has

10 addressed whether bias on the part of one member of a multi-person

11 tribunal violates due process, without any showing that that

12 member's bias affected the tribunal's decision.").  Where, as

13 here, the question before the Court is one that the Supreme Court

14 expressly declined to answer, there is no clearly established

15 Supreme Court precedent.  Meras v. Sisto, 676 F.3d 1184, 1188-90

16 (9th Cir. 2012).

17     Petitioner argues that the Supreme Court's more recent

18 decision in Caperton v. A.T. Massey Coal Co., Inc., 556 U.S. 868

19 (2009), controls.  Caperton concerned whether a state supreme

20 court justice must recuse when the circumstances of his election

21 call into question his ability to decide a particular case

22 impartially.  Id.  However, the Caperton court was presented with

23 a factual scenario it described as "extreme by any measure,"

24 resulting in "an extraordinary situation where the Constitution

25 requires recusal."  Id. at 887.  In light of those extraordinary

26

27     [3] In fact, in Lavoie the Court expressly declined to address
this question.  475 U.S. at 827 n.4.
28

5

**United States District Court**
For the Northern District of California

1  facts, Caperton merely applied the existing rule that "there are

2  objective standards that require recusal when 'the probability of

3  actual bias on the part of the judge or decisionmaker is too high

4  to be constitutionally tolerable.'"  Id. at 872 (quoting Withrow,

5  421 U.S. at 35).  No such extraordinary facts exist in this case.

6      In addition, the decision of California Court of Appeal

7  denying Petitioner's claim for habeas relief was neither contrary

8  to, nor an unreasonable application of, federal law.  As noted in

9  footnote 2, above, the California Court of Appeal denied

10 Petitioner relief for the same reasons articulated in its opinion

11 in In re Woods, which reads, in its entirety:

12
13      Having reviewed the petition and accompanying
        exhibits, the Attorney General's informal
        response and petitioner's reply, we conclude the

14      record discloses "some evidence" supporting the
        Board of Parole's determination that petitioner

15      would "pose a danger to the public interest if
        released on parole.  [Citations.]"  (In re

16      Shaputis (2011) 53 Cal. 4th 192, 214.)

17      We also reject petitioner's due process claim
        based on the allegation one of the two

18      Commissioners who presided at the parole hearing
        did not disclose he had submitted an employment

19      application to the District Attorney's Office

20      with which the prosecuting attorney who appeared
        at the hearing and argued against the grant of

21      parole is employed.  A party claiming a parole
        hearing panel is not impartial must demonstrate

22      "individualized prejudice"--i.e., show panel
        members "have specific prejudice . . . against

23      the particular prisoner."  (Hornung v. Superior
        Court (2000) 81 Cal. App. 4th 1095, 1100; see

24      also Cal. Code Regs., tit. 14, § 2250,

25      subd. (a)(3) [disqualification of hearing panel
        member requires actual prejudice or bias "to the

26      extent that [panel member] cannot make an
        objective decision"]; Southern Cal. Underground

27      Contractors, Inc. v. City of San Diego (2003) 108

28      Cal. App. 4th 533, 549 ["a party claiming that

6

United States District Court
For the Northern District of California

1  the decision maker was biased must show actual
2  bias, rather than the appearance of bias, to
   establish a fair hearing violation"].)
   Petitioner has not made a prima facie showing of
3  actual, specific prejudice against him.

4       The petition for writ of habeas corpus is denied.

5  In re Woods, No. A140539, slip op. (Feb. 6, 2014) (Docket No. 1-1,

6  at 438).

7       Petitioner argues that the state court erred by applying an

8  actual prejudice standard when Caperton does not require such a

9  showing.  As noted above, the extraordinary factual circumstances

10 of Caperton are not present in this case.  In addition, this Court

11 has previously held that "federal habeas relief is limited to

12 those instances where there is proof of actual bias, or of a

13 possible temptation so severe that one might presume an actual,

14 substantial incentive to be biased."  Smart v. Harrington, 2011

15 U.S. Dist. LEXIS 116437, at *45 (N.D. Cal. 2011) (citing Del

16 Vecchio v. Illinois Dep't of Corr., 31 F.3d 1363, 1380 (7th Cir.

17 1994) (en banc)).  The Court finds no such circumstances in the

18 present case.

19      "The Due Process Clause demarks only the outer boundaries of

20 judicial disqualifications."  Lavoie, 475 U.S. at 828.

21 Petitioner's situation does not lie at the "outer boundaries," and

22 therefore, it does not implicate the Due Process Clause.

23                              CONCLUSION

24      Petitioner's Motion for an Evidentiary Hearing (Docket No.

25 17) is denied as unnecessary.  An evidentiary hearing is not

26 required unless Petitioner offers specific allegations that, if

27 proven, would demonstrate entitlement to relief.  Smith v.

28 Mahoney, 611 F.3d 978, 998 (9th Cir. 2010).  Petitioner offered no

1  such allegations here.  Petitioner's Motion for Oral Argument

2  (Docket No. 18) is also denied.

3       For the foregoing reasons, the state court's adjudication of

4  Petitioner's claims did not result in a decision that was contrary

5  to, or involved an unreasonable application of, clearly

6  established federal law, nor did it result in a decision that was

7  based on an unreasonable determination of the facts in light of

8  the evidence presented in the state court proceeding.

9  Accordingly, the Court DENIES the Petition for Writ of Habeas

10  Corpus (Docket No. 1).

11       Further, a certificate of appealability is DENIED.

12  Reasonable jurists would not "find the district court's assessment

13  of the constitutional claims debatable or wrong."  Slack v.

14  McDaniel, 529 U.S. 473, 484 (2000).  Petitioner may seek a

15  certificate of appealability from the Ninth Circuit Court of

16  Appeals.  The Clerk of the Court shall enter judgment in favor of

17  Respondent and close the file.

18

19       IT IS SO ORDERED.

20

21  Dated: February 19, 2015            CLAUDIA WILKEN
                                        United States District Judge
22

23

24

25

26

27

28